Ana Maria MARTINEZ–MARTINEZ, Petitioner,

v.

Alberto GONZALES, Attorney General,* Respondent.

No. 02–71948.
Agency No. A74–588–822.

United States Court of Appeals, Ninth Circuit.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The Court sua sponte changes the docket, pur-

Submitted March 9, 2004.**

Decided April 6, 2005.

Estela Richeda, Richeda & Richeda, Pasadena, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, John D. Williams, Anh–Thu P. Mai, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before HALL and PAEZ, Circuit Judges, and BEISTLINE, District Judge.***

## MEMORANDUM****

Ana Maria Martinez–Martinez, a native and citizen of Nicaragua, petitions for review of a decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of her application for asylum and withholding of deportation. We have jurisdiction under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 8 U.S.C. § 1105a (1996), as amended by IIRIRA § 309(c)(4), *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), and we deny the petition.[1]

■ We agree with the government that the IJ's finding that Martinez–Martinez was "in part credible" and in part lacked credibility was not an adverse credibility finding. *See Aguilera–Cota v. INS*, 914 F.2d 1375, 1383 (9th Cir.1990) (holding that an adverse credibility finding must be "explicit and direct" and that an IJ's "mere

---

suant to 8 U.S.C. § 1252(b)(3)(A), to reflect that Alberto Gonzales, Attorney General, is the proper respondent.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we reference them here only as they are necessary to explain our decision.

statement that a petitioner is 'not entirely credible' is not enough."). We therefore must accept Martinez–Martinez's testimony as true. *Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 (9th Cir.2004).

■ Nevertheless, we deny the petition because the IJ's finding that Martinez–Martinez did not suffer past persecution is supported by substantial evidence.[2] The record, including the excerpt from the 1995 Country Reports, does not compel a result contrary to the IJ's conclusion that the police violence at the December 14, 1995, demonstration "was a means of mishandled crowd control" and not an attack on the students on account of their political opinion. *See INS v. Elias–Zacharias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Martinez–Martinez therefore failed to establish eligibility for asylum.

Because Martinez–Martinez is ineligible for asylum, she necessarily failed to meet the more stringent standard for withholding of deportation. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Martinez–Martinez's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004), petitioner's voluntary departure period will begin to run on issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

**2.** Martinez–Martinez does not challenge the IJ's determination that she failed to establish a well-founded fear of persecution on return to Nicaragua.

